UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

RAYMOND STANIFORTH,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No.:  23cv449-JM-MMP

**ORDER ON PLAINTIFF'S MOTIONS:**

**(1) TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL; AND**

**(2) RECONSIDERATION**

Presently before the court is Plaintiff's Motion to Certify Order for Interlocutory Appeal (Doc. No. 23) and Motion for Reconsideration (Doc. No. 24).  Pursuant to Local Rule 7.1(d)(1), the court finds the matters presented appropriate for resolution without oral argument.  Having considered the Parties' arguments, the evidence, and the law, the court rules as follows.

## BACKGROUND

The court's prior order on Defendant's Motion for Summary Judgment contains a thorough and accurate recitation of the background of this case, which the court incorporates as if set forth in its entirety herein.  (Doc. No. 22 at 1–2).

1

23cv449-JM-MMP

Of relevance to the instant Motions, on April 1, 2024, the United States filed a Motion for Summary Judgment contending: (1) Plaintiff's negligence claim was barred by California's primary assumption of the risk doctrine; and (2) Plaintiff's request for non-economic damages was barred by California Civil Code section 3333.4.  (Doc. No. 15 at 7–11).

On May 24, 2024, the court issued an Order granting-in-part and denying-in-part the government's Motion.  (Doc. No. 22).  The court denied the government's request to enter summary judgment on Plaintiff's negligence claim, finding the question of whether the primary assumption of risk doctrine applies in this case could not yet be resolved in light of numerous factual disputes—including a triable issue as to recklessness. *Id.* at 6–15.  The court granted the government's request to enter summary judgment on Plaintiff's demand for non-economic damages, finding no legal authority for Plaintiff's predicate position that a "private road" exception to California Civil Code section 3333.4 exists or that motor vehicle insurance is not required on private roads.  *Id.* at 17–19.  In the absence of any meaningful briefing on this issue, the court declined to carve out a "private road" exception to California Civil Code section 3333.4.  *Id.* at 19.

On June 3, 2024, Plaintiff filed a Motion to Certify the court's summary judgment Order for interlocutory appeal.  (Doc. No. 23).  Shortly thereafter, on June 6, 2024, Plaintiff filed a separate Motion for Reconsideration.  (Doc. No. 24).  The government has filed Responses (Doc. Nos. 25, 26) and Plaintiff has filed Replies (Doc. No. 27, 28). The court considers this matter now fully briefed and ripe for resolution.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b)*; see also, e.g.*, *Am. Zurich Ins. Co. v. Ironshore Specialty Ins. Co.*, No. 2:14-cv-00060-TLN-KJN, 2018 U.S. Dist.

23cv449-JM-MMP

LEXIS 154968, at *3–4 (E.D. Cal. Sep. 10, 2018) (applying Rule 54(b) in reconsidering order granting-in-part and denying-in-part a defendant's motion for summary judgment); *Naoom v. Secured Assets Income Funds*, No. 05-CV-1207 H (CAB), 2007 U.S. Dist. LEXIS 106478, at *6 (S.D. Cal. Jan. 22, 2007) ("[A]n order granting in part and denying in part summary judgment is an interlocutory order, subject to revision at any time before judgment.").

"For purposes of reconsideration under Rule 54, district courts look to the standard on motions for reconsideration under Rule 59 and Rule 60(b)." *Romero v. S. Schwab Co.*, No. 15-CV-815-GPC-MDD, 2018 U.S. Dist. LEXIS 106878, at *11 (S.D. Cal. June26, 2018); *see also Lyons v. Baughman*, 2007 U.S. Dist. LEXIS 36335, at *7 n.3 (E.D. Cal. May 9, 2007) (Rule 59 and 60(b) standard "provides guidance to Rule 54(b) motions."). Under this standard, "reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013); *Rodriguez v. Mondelēz Glob. LLC*, No. 23-cv-00057-DMS-AHG, 2024 U.S. Dist. LEXIS 58337, at *3 (S.D. Cal. Mar. 29, 2024).

Similarly, under the Local Rules of this District, a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part, or has been granted conditionally or on terms[.]" Local Rule 7.1(i)(1). The moving party must set forth "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.*; *see Simon v. Superior Court*, No. 3:23-cv-00889-RBM-AHG, 2024 U.S. Dist. LEXIS 117997, at *5 (S.D. Cal. July 3, 2024).

///

///

3

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted).

## ANALYSIS

In his Motion for Reconsideration, Plaintiff contends the court clearly erred by: (1) shifting the burden to Plaintiff, as the non-moving party, to disprove an issue the government had already conceded; and (2) finding Plaintiff was subject to California's financial responsibility laws. (Doc. No. 24 at 3–9). The court addresses each of these arguments, in turn, below.

### A.      Whether The Burden of Summary Judgment Was Improperly Shifted

The court first considers Plaintiff's contention the burden at summary judgment was improperly shifted upon Plaintiff to disprove an issue the government had already conceded at summary judgment. *Id.* at 7–9. For context, the court outlines relevant portions of the Parties' summary judgment briefing and the court's holding below.

In its Motion for Summary Judgment, the government argued Plaintiff's request for non-economic damages was barred, as a matter of law, under California Civil Code section 3333.4. (Doc. No. 15 at 10). According to the government, there was no factual dispute Plaintiff owned and was riding an uninsured and unregistered dirt bike during the accident in question. *Id.* "Faced with these facts," the government contended Plaintiff's "only response" would be that "an exception applies because the accident occurred on a private road." *Id.* Notably, the government did not expressly *agree* such an exception existed. Nevertheless, in addressing this hypothetical argument, the government disputed only the private/public nature of the G Road—rather than disputing the exception's legal basis. *Id.* at 10–11. In its Opposition, Plaintiff stated it "agreed" with the United States that "motor vehicle insurance is not required on private property"—and subsequently addressed only the government's arguments as to the private/public nature of the G Road. (Doc. No. 17 at 19–22). Similarly, the government's Reply, again, *only* addressed the private/public nature of the G Road. (Doc. No. 21 at 5–7).

23cv449-JM-MMP

In granting the government's Motion for Summary Judgment, the court noted *neither* Party had provided any legal authority supporting Plaintiff's predicate position there exists a "private road" exception to California Civil Code section 3333.4. (Doc. No. 22 at 17). Nor had any Party provided authority for Plaintiff's blanket statement motor vehicle insurance is not required on private property. *Id.*at 18. As such, in the absence of any meaningful briefing, the court undertook its own legal research to determine: (1) whether there was a "private road" exception to section 3333.4; and (2) whether motor vehicle insurance is required under California law when driving on private roads. *Id.* at 16–19. It was not clear error for the court to do so and Plaintiff's arguments otherwise mischaracterizes both the record and its own burden at summary judgment.

First, as already set forth above, the government *never* expressly conceded the existence of a "private road" exception to section 3333.4 or that motor vehicle insurance is not required on private property.[1] Rather, the government contended section 3333.4 applied because Plaintiff owned and was riding an unregistered and uninsured dirt bike at the time of the accident. (Doc. No. 15 at 10). It then *anticipated* Plaintiff would argue section 3333.4 does not apply in this case because the accident occurred on a private road. *Id.*

Plaintiff has not set forth any legal authority suggesting the government was under any obligation to make this anticipatory argument—let alone rebut it in every conceivable way.[2] Instead, it was still incumbent upon *Plaintiff* to clearly outline the contours of the exception that would take this case outside the scope of section 3333.4. *See Hoffmann v.*

---

[1] The court's reference to the government's "apparent concession" in its prior Order was directed to the fact that the government did not address this issue in its Reply. (Doc. No. 22 at 18).

[2] For the same reasons, the court rejects Plaintiff's argument the government has taken inconsistent positions that are subject to judicial estoppel. (Doc. No. 27 at 5–7).

23cv449-JM-MMP

*Young*, 13 Cal. 5th 1257, 1270 (2022) ("A plaintiff seeking to rely on an exception to a general statutory rule bears the burden of establishing the exception applies."); *see also Zurich Am. Ins. Co. v. Ironshore Specialty Ins. Co.*, 964 F.3d 804, 811 (9th Cir. 2020) ("[I]f the defendant can establish the applicability of an affirmative defense, then the burden shifts back to the plaintiff to prove its case.").

Because Plaintiff did not do so, the court was left with two questions: (1) whether there was a legal basis for Plaintiff's "anticipatory" argument there exists a "private road" exception to section 3333.4's application; and (2) whether motor vehicle insurance is required on private roads. Neither issue was *ever* fully briefed to the court. Instead, it appeared the Parties expected the court to resolve a dispute as to private/public character of the G Road, without any briefing as to why this difference mattered.

In the absence of any explanation, the court did not err in undertaking independent legal research as to these questions. It is well-established "judges are free to undertake independent legal research beyond the parties' submissions." *De Fontbrune v. Wofsy*, 838 F.3d 992, 999 (9th Cir. 2016). This is especially true when courts are attempting to resolve a legal question—such as whether there exists an exception to a statute. *Id.* (noting that independent judicial research on questions of law "does not implicate the judicial notice and *ex parte* issues spawned by independent factual research undertaken by a court.").

Despite the above, Plaintiff now claims the court committed "clear error" by finding Plaintiff was "subject to California's financial responsibility laws." (Doc. No. 24 at 3). Notably, a discussion of California's financial responsibility laws is entirely absent from Plaintiff's summary judgment briefing. Nor is this what the court held in its summary judgment order. Rather, in the absence of any meaningful briefing, the court held it was declining to carve out a "private road" exception to California Civil Code section 3333.4. (Doc. No. 22 at 19).

Putting this aside, because Plaintiff *could* have made the arguments it now sets forth in his summary judgment briefing, but did not do so, these new arguments do not

constitute a valid basis for reconsideration of the court's prior ruling. The court prefers to adjudicate issues on the merits and not under the pretense that its earlier ruling was clearly erroneous.

Accordingly, the court rejects Plaintiff's effort to backdoor a legal argument that should have been initially presented and briefed in its summary judgment papers. For these reasons, Plaintiff's Motion is **DENIED** as procedurally defective. *See Kona*, 229 F.3d at 890 (holding a motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.").

**B.     *Whether Section 3333.4 Applies to Preclude Plaintiff's Claim for Non-Economic Damages***

Despite the court's ruling above, the court recognizes that up until this point, *neither* Party provided any explanation as to the basis for Plaintiff's argument section 3333.4 does not apply on private roads. As Plaintiff's reconsideration papers raises new concerns as to whether Plaintiff should have been precluded under section 3333.4, the court exercises its inherent authority to consider whether there is good cause to amend its summary judgment order. *City of L.A. v. Santa Monica BayKeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (a district court "possesses the inherent procedural power to reconsider, *rescind*, or modify an interlocutory order for cause seen by it to be sufficient.") (internal quotation marks omitted).

In contending section 3333.4 does not preclude Plaintiff's demand for non-economic damages in this case, Plaintiff points—for the first time—to the interplay between California Civil Code section 3333.4 and California Vehicle Codes sections 4000(a)(1), 16000, 16000.1(a), 16020 and 16021, arguing these provisions must be read together. (Doc. No. 24 at 4).

///

///

///

7

Under California Civil Code section 3333.4:

> (a) [I]n any action to recover damages arising out of the operation or use of a motor vehicle, a person shall not recover non-economic losses to compensate for pain, suffering, inconvenience, physical impairment, disfigurement, and other nonpecuniary damages if any of the following applies:
>
> . . .
>
> (2) The injured person was the owner of a vehicle involved in the accident and the vehicle was not insured as required by the financial responsibility laws of this state.

CAL. CIV. CODE § 3333.4(a)(2).

The "financial responsibility laws" referenced in section 3333.4 are found in "division 7, section 16000 *et seq.*, of the Vehicle Code." *Goodson v. Perfect Fit Enters.*, 67 Cal. App. 4th 508, 512 (1998). These laws "do not in so many words require that a motor vehicle be 'insured.' Rather, they impose a requirement of financial responsibility for injuries caused by motor vehicle operation." *Id.*

California Vehicle Code section 16020 provides that "[a]ll drivers and all owners of a motor vehicle shall at all times be able to establish financial responsibility pursuant to Section 16021." CAL. VEH. CODE § 16020. California Vehicle Code section 16021, in turn, defines how financial responsibility is established "if the driver or owner of the vehicle involved in an accident described in [s]ection 16000[.]" *Id.* § 16021.

Under California Vehicle Code section 16000:

> [T]he driver of a motor vehicle who is in any manner involved in an accident originating from the operation of the motor vehicle on a street or highway, or is involved in a reportable off-highway accident, as defined in [s]ection 16000.1, that has resulted in damage to the property of any one person in excess of one thousand dollars ($1,000), or in bodily injury, or in the death of any person shall report the accident" [on a form approved by the Department of Motor Vehicles].

*Id.* § 16000.

23cv449-JM-MMP

California Vehicle Code section 16000.1(a), in turn, defines a "reportable off-highway accident" as an accident that: (1) "[o]ccurs off the street or highway"; (2) "[i]nvolves a vehicle that is subject to registration under this code"; and (3) "[r]esults in damages to the property of any one person in excess of one thousand dollars ($1,000) or in bodily injury or in the death of any person." *Id.* § 16000.1(a).

Finally, California Vehicle Code section 4000(a)(1) states: "[a] person shall not drive, move, or leave standing upon a highway, or in an offstreet public parking facility, any motor vehicle, trailer, semitrailer, pole or pipe dolly, or logging dolly, unless it is registered and the appropriate fees have been paid under this code[.]" *Id.* § 4000(a)(1).

From this chain of statutory provisions, Plaintiff contends because his KTM bike was not subject to registration under California Vehicle Code section 4000(a)(1), Plaintiff was not violating California's financial responsibility laws, and section 3333.4, therefore, does not preclude him from recovering his non-economic damages. (Doc. No. 24 at 4–5).

At the outset, the court notes Plaintiff's argument is different from the one Plaintiff presented at summary judgment. The question Plaintiff now poses is not—as it was presented at summary judgment—whether there is an exception precluding section 3333.4 from applying to accidents occurring on private roads. The question is also not whether Defendant conceded motor vehicle insurance is not required on private roadways. As the court already found, Defendant made no such explicit concession. Nor is such a broad proposition concurrent with the law.[3]

Instead, the question Plaintiff *now* poses is whether section 3333.4 precludes a motorist from recovering non-economic damages, even when the motorist was not

_____

[3] Even Plaintiff does not stand by this earlier blanket statement made at summary judgment, now presenting the more nuanced argument that California's "financial responsibility laws do not apply to accidents on private property . . . where the vehicle involved in the accident was not subject to registration under the Vehicle Code." (Doc. No. 24 at 4). This is different from simply contending motor vehicle insurance is not required when driving on private roads.

subject to California's financial responsibility laws at the accident. (Doc. No. 27 at 4–7). The court agrees that law-abiding motorists who are not violating California's financial responsibility laws are not so precluded.

In interpreting section 3333.4, the court chooses a construction that "comports most closely with the apparent intent of the lawmakers, with a view to promoting rather than defeating the general purpose of the statute." *Allen v. Sully-Miller Contracting Co.*, 28 Cal. 4th 222, 227 (2002). California's "Civil Code section 3333.4 was enacted through passage of Proposition 213 in the November 5, 1996 General Election." *Id.* at 225. "Proposition 213's statement of legislative purpose" identifies "the principal intended beneficiaries of the measure as Californians who obey the financial responsibility laws." *Hodges v. Superior Court*, 21 Cal. 4th 109, 115 (1999). Proposition 213, therefore, sought to "change the system that rewards individuals who fail to take essential personal responsibility to prevent them from seeking unreasonable damages or from suing law-abiding citizens." *Id.* The initiative "was aimed principally at providing balance for *those who obey the financial responsibility laws*." *Id.* For these reasons, section 3333.4 "clearly limit[s] recovery to injured persons whose vehicles are 'not insured *as required by the financial responsibility laws of this state[.]*'" *Day v. City of Fontana*, 25 Cal. 4th 268, 281 (2001) (emphasis added).[4] On the other hand, if even law-abiding motorists who had not violated California's financial responsibility laws were barred from recovering their non-economic damages, section 3333.4 would *not* work to restore balance to California's justice system. It would, instead, punish law-abiding California citizens.

---

[4] The *Valentich v. United States*, 194 F. Supp. 3d 1033 (E.D. Cal. 2016) decision cited by the government and the court in its prior decision is not contrary to this conclusion. In *Valentich*, the motor vehicle accident at issue occurred on a public road where individuals operating on the road were required to abide by California requirements for licensing, registration, and operation. *Id.* at 1034. The court correctly held no "insurance exception" for dirt bikes existed in that case, as plaintiff was riding an uninsured dirt bike on a public road. *Id.* at 1037–38. The facts of this case are distinguishable.

Plaintiff contends he was not violating California's financial responsibility laws at the time of the accident, because his KTM bike was not subject to "motor vehicle registration" under California Vehicle Code section 4000(a)(1). (Doc. No. 24 at 4–5). In support, Plaintiff contends the evidence "shows that [Plaintiff] used the dirt bike exclusively on private dirt roads, not highways[.]" (Doc. No. 24 at 5). Under section 4000(a)(1), in order not to be subject to motor vehicle registration, Plaintiff KTM's bike could not have been driven, moved, or left standing upon a "highway" or "in an offstreet public facility[.]" CAL. VEH. CODE § 4000(a)(1); *see Meraz v. Farmers Ins. Exch.*, 92 Cal. App. 4th 321, 325 (2001) (holding that a van "was not required to be registered because the van was not driven, moved or left standing on a highway, and the van was stored in a privately owned offstreet parking facility with the express permission of the owner thereof.").

Plaintiff's contention he rode his KTM bike exclusively on private roads, however, assumes the G Road is a private road. If the G Road is, instead, a "highway" under the California Vehicle Code, Plaintiff's KTM bike *would* have been subject to motor vehicle registration at the time of the accident. *See* CAL. VEH. CODE § 4000(a)(1). The operative question, then, is whether the G Road is a "highway" under the California Vehicle Code.[5]

Under the California Vehicle Code, a "highway" is defined as "a way or place of whatever nature, publicly maintained and open to the use of the public for purposes of vehicular travel." *Id.* § 360; *see Kripp v. Curtis*, 71 Cal. 62, 64 (1886) ("Public ways, as applied to ways by land, are usually termed 'highways' or 'public roads' and are such ways as every citizen has a right to use[.]"). Under the California Streets and Highway

---

[5] Similarly, for Plaintiff to have been abiding by California's financial responsibility laws, the accident cannot have occurred on a "street or highway" as defined by California Vehicle Code section 16000. Nor could it have been a "reportable off-highway accident" under California Vehicle Code section 16000.1(a). If so, again, Plaintiff would have been violating California's financial responsibility laws by riding an uninsured and unregistered vehicle. *See* CAL. VEH. CODE §§ 16000; 16021.

11

Code, "[p]rivately owned roads may also be open to public use by means of a permanent public easement." *Campbell v. State*, No. C070369, 2015 Cal. App. Unpub. LEXIS 1819, at *17 n.3 (Mar. 16, 2015); *see* CAL. STS. & HIGH. CODE § 1160 (defining a "highway" as "any county road or highway or any public roadway right of way or any private easement or roadway not accepted or acceptable into the county highway system *but upon which a permanent public easement is offered*[.]") (emphasis added).

For these reasons—as opposed to the overly broad ones provided by the Parties at summary judgment—the public or private nature of the G Road is material in this case. Because the Parties briefed this issue at summary judgment, the court looks to the Parties' arguments in those papers. At summary judgment, the government contended the G Road is a public road because: (1) the Department of Homeland Security was granted a permanent public easement to the G Road; and (2) the road was used openly by members of the public for many years prior to the accident. (Doc. Nos. 15 at 10–11; 21 at 5–7). In its response, Plaintiff argued: (1) the easement granted to the United States did not establish a permanent public easement; and (2) the evidence on the record supports the fact that the G Road was not open to the public. (Doc. No. 17 at 19–22).

Under California law, "[a]n easement is a restricted right to specific, limited, definable use or activity upon another's property, which right must be *less* than the right of ownership." *Scruby v. Vintage Grapevine, Inc.*, 37 Cal. App. 4th 697, 702 (1995) (emphasis in original). "An easement agreement is subject to the rules of interpretation that apply to contracts." *Zissler v. Saville*, 29 Cal. App. 5th 630, 639 (2018). "As with all contracts, the paramount goal of interpreting a writing creating an easement is to determine the intent of the parties." *Id.* "It is fundamental that the language of a grant of an easement determines the scope of the easement." *Cnty. of Sacramento v. Pac. Gas & Elec. Co.*, 193 Cal. App. 3d 300, 313 (1987). "In interpreting a conveyance, the intent of the parties is the paramount consideration." *S. Cal. Edison Co. v. Severns*, 39 Cal. App. 5th 815, 822 (2019). "It is not the intent of the grantor that governs in such cases. It is the joint intent of the grantor and the grantee." *Id.*

12

The "Warranty Deed Conveying Perpetual Easement" ("DHS Easement") states:

> For and in consideration of the sum of: **ONE HUNDRED TEN THOUSAND DOLLARS AND 00/100 DOLLARS ($110,000.00)** the receipt and sufficiency of which are hereby acknowledged, LANSING INDUSTRIES, INC. PROFIT SHARING PLAN AND TRUST (hereinafter called **"Grantor"),** does hereby grant, bargain, sell, and convey unto the **UNITED STATES OF AMERICA** (hereinafter called **"Grantee")** and its assigns, a perpetual and assignable easement and right-of-way in, over and across the land described in Exhibit "A", which is attached hereto and made a part hereof, for the location, construction, operation, maintenance, alteration and replacement of a road and appurtenances thereto; together with the right to trim or remove any vegetative or structural obstacles that interfere with the right-of-way; subject to minerals and rights appurtenant thereto, and to existing easements for public roads, highways, public utilities, railroads, and pipelines; reserving, however to the owners, its successors and assigns the right to use the surface of such land as access to its adjoining land for any other use consistent with its use as a road[.]

(Doc. No. 17-5 at 3).

The DHS Easement further states it is provided "for the benefit of the Grantee and its tenants and licensees" and specifies "[t]he acquiring federal agency is the Department of Homeland Security; U.S. Customs and Border Protection." *Id.* at 4. Although the easement references a "border security project"—suggesting that the Department of Homeland Security was granted an easement in service to this project—it is otherwise silent as to what this project is. *Id.* at 3. There is no language suggesting the public at large possesses any rights to the easement or that the use of the easement is regulated by any governmental entity as a public right-of-way. Nevertheless, there is also no language explicitly prohibiting the government from opening the road to the public.

In light of this ambiguity, the court looks to the extrinsic evidence to determine whether public access is "reasonably necessary and convenient for the purpose for which [the DHS Easement] was created[.]" *Wilson v. Abrams*, 1 Cal. App. 3d 1030, 1034

13

(1969) (internal quotation marks omitted); *see also Scruby*, 37 Cal. App. 4th at 702 ("[E]xtrinsic evidence may be used as an aid to interpretation unless such evidence imparts a meaning to which the instrument creating the easement is not reasonably susceptible."); *see also Jacobs v. Locatelli*, 8 Cal. App. 5th 317, 326 (2017) ("It is a cardinal rule of construction that when a contract is ambiguous or uncertain the practical construction placed upon it by the parties before any controversy arises as to its meaning affords one of the most reliable means of determining the intent of the parties[.]") (internal quotation marks omitted).

Here, the extrinsic evidence is also conflicting as to whether public access is contemplated by the DHS Easement. Officer Camacho testified he had encountered vehicles on his route and knew "locals on ATVs" used the road. (Doc. No. 17-8 at 62:25–63:5). The road is described in a survey analysis as being "well-traveled"— suggesting it is frequently used. (Doc. No. 15-7 at 2). However, the property owner, Alexander Hagen III, stated in a sworn declaration he believes the G Road is private. (Doc. No. 20 at ¶ 4). Mr. Hagen further stated he: (1) has "directed the placement of several 'no trespassing' and 'private road' signs on and around the property"; (2) "recently installed fencing in and around the property to keep trespassers from entering"; and (3) has "taken steps to remover trespassers on numerous occasions." *Id.* at ¶¶ 4–5. There is no indication, however, of when those signs were put up or what actual steps Mr. Hagen has taken to remove trespassers. For example, there are no signs visible in photographs of the accident scene provided to the court. (Doc. No. 23-4 at 1–32). There are also no visible fences in these photographs. *Id.*

Under California law, "when the terms of a contract are ambiguous or uncertain, 'it is the duty of the trial court to construe it after the parties are given a full opportunity to produce evidence of the facts, circumstances and conditions surrounding its execution as well as the conduct of the parties to the contract[.]" *Visitacion Inv., LLC v. 424 Jessie Historic Props., LLC*, 92 Cal. App. 5th 1081, 1093 (2023). Given the ambiguity in the DHS Easement's terms and the conflicting extrinsic evidence, the court finds questions

14

23cv449-JM-MMP

directed to the DHS Easement's scope and whether the G Road is a public road are more appropriately reserved for the trier of fact in this case. *See Celador Int'l, Inc. v. ABC, Inc.*, 499 F. App'x 721, 724 (9th Cir. 2012) ("The district court did not err by submitting disputed contract questions to the jury . . . If the court finds a material conflict in the extrinsic evidence, the jury is tasked with weighing the credibility of the conflicting evidence."); *Laubscher v. Blake*, 7 Cal. App. 2d 376, 382 (1935) (trial court properly left the question as to the public or private nature of road "to the determination of the jury under appropriate instruction."); *Ctr. Point Llc v. Cal. High Speed Rail Auth.*, 2021 Cal. Super. LEXIS 63160, *14–15 ("[T]he question of what is 'reasonably necessary' and within the scope of a given easement is typically a *matter for the trier of fact* after weighing all the evidence at trial[.]") (emphasis in original); *Thier v. Farah*, 2019 Cal. Super. LEXIS 78501, *5 (finding triable issue as to scope of easement which required jury resolution).

For these same reasons, the court also cannot, at this stage, hold that Plaintiff is precluded from recovering his non-economic damages under section 3333. This question necessarily depends on whether the G Road can be said to be a "highway" under the California Vehicle Code, or whether it is instead, a private road.

**CONCLUSION**

For the reasons set forth above, the court **DENIES** Plaintiff's Motion for Reconsideration as procedurally defective. Nevertheless, the court finds good cause to **AMEND** its earlier May 24, 2024 Order on the government's Motion for Summary Judgment and **DENIES** the government's motion on Plaintiff's entitlement to non-economic damages, as barred by California Civil Code section 3333.4.

///

///

///

///

///

15

23cv449-JM-MMP

In light of these rulings, the court also **DENIES** Plaintiff's Motion to Certify Order for Interlocutory Appeal **AS MOOT**.

    **IT IS SO ORDERED.**

DATED: July 18, 2024

JEFFREY T. MILLER
United States District Judge

16

23cv449-JM-MMP